UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY BERTRAM ROACH**<br>BOP #79584-004 | : | **CIVIL ACTION NO. 16-cv-1645**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN FCI OAKDALE ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Gary B. Roach ("Roach"). Roach is in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Roach was arrested in the Southern District of Florida on June 20, 2007, and has been in federal custody since that time. Doc. 1, p. 49. On March 28, 2008, he was sentenced in the Southern District of Florida to concurrent terms of incarceration of 60 months, 120 months, and 135 months, with the latter subsequently reduced to 121 months. *Id*. In April 2008, Roach was extradited to the Northern District of Alabama to face additional charges. *Id.*

On July 2, 2008, Roach (along with other parties) filed a motion to continue the Alabama trial. *United States v. Roach*, 5:07-cr-328, doc. 116 (N.D. Ala.). Following protracted plea negotiations and other delays, Roach entered a guilty plea on November 15, 2011. *Id.* at doc. 178.

On February 15, 2012, the Northern District of Alabama sentenced him to 108 months imprisonment, to run concurrently with the sentence imposed in the Southern District of Florida. *Id.* at doc. 190; Doc. 7, att. 1, p. 2.

In February 2013 Roach began to contest his sentence computation. Doc. 1, p. 51. While Roach filed administrative remedies at each level, as required by the BOP, his final remedy attempt at the national level was rejected and returned to him with instructions to verify the reason for his untimely filing at the regional level. Doc. 1, p. 55. Rather than doing as requested Roach instead filed his first § 2241 petition with this court on April 20, 2015. *See Roach v. Warden FCI Oakdale*, No. 15-cv-1215, doc. 1 (W.D. La.). There he alleged that the BOP incorrectly calculated his sentence and release date. *Id.* On October 21, 2015, the court issued a memorandum order instructing Roach to supplement his petition showing that he exhausted the administrative remedies provided by the BOP. *Id.* at doc. 6. Roach failed to respond to the memorandum order and 15-cv-1215 was dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at docs. 8, 9.

On June 9, 2016, Roach filed a motion pursuant to Fed. R. Crim. Pro. 60(b) seeking to correct an alleged error in the BOP's calculation of his release date. Doc. 1, pp. 1–17. The Southern District of Florida construed his filing as a § 2241 *habeas* petition and ordered same to be transferred to this court as Roach's current place of incarceration. Doc. 2.

On December 14, 2016, Roach filed the current § 2241 *habeas* petition seeking "[t]ime credit from the Northern District of Alabama in accordance to the time spent while awaiting sentencing under the custody of the District." Doc. 7, p. 6. Roach attaches documentation showing that he exhausted administrative remedies. Specifically, on May 24, 2016, the regional office addressed Roach's appeal of the warden's denial of his BP-9 as follows:

> In accordance with applicable legal authority and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), a federal term of imprisonment cannot commence earlier than the date on which it was imposed. Thus, concurrent federal sentences do not operate in a retroactively concurrent manner. That is, a concurrent federal sentence does not commence before it was imposed, but rather it commences when it was imposed and runs alongside the undischarged remainder of the sentence to which it was ordered to run concurrently.
>
> Therefore, during the three year, 10 month, and 18 day period between March 28, 2008, and February 14, 2012, you were serving only your Southern District of Florida sentence, as you could not commence serving your Northern District of Alabama sentence before it was imposed on February 15, 2012. To account for this, when your sentences were aggregated as required by 18 U.S.C. § 3584(c), the "concurrent overlap" period of three years, 10 months, and 18 days was added to you 108 month Northern District of Alabama term, resulting in a 12 year, 10 month, and 18 day aggregate term of imprisonment, commencing when your Southern District of Florida sentence was imposed on March 28, 2008. With the application of 282 days of presentence custody credit pursuant to 18 U.S.C. § 3585(b), your current projected release date is correctly calculated as September 10, 2018, via good conduct time release.
>
> Based on the above information, your sentence computation has been accurately calculated in accordance with applicable legal authority and Bureau of Prisons policy.

Doc. 7, att. 2, pp. 6–7.

Roach's appeal of the above was denied by the BOP's national office on October 31, 2016. *Id.* at 11–12. The denial noted:

> Both terms of imprisonment are running concurrently; however, they are no co-terminus; each term has a different dated of imposition that the term of imprisonment commences. As a result, your sentence in the Northern District of Alabama . . . cannot begin prior to the date it was imposed on, February 15, 2012, which results in a full term date of that is longer than the first sentence in the Southern District of Florida, causing a "concurrent overlap." . . . . Due to this overlap of 3 years, 10 months and 20 days, when your terms are aggregated together to form a single aggregate term, pursuant to 18 U.S.C. § 3584(c) above, it results in a total term in effect of 154 months and 18 days, or 12 years, 10 months and 18 days.
>
> You are receiving the benefit of concurrent sentences, prior custody credit and Good Conduct Time credit for the overall/aggregate term. Your

> sentence commenced on March 28, 2008, the date your first sentence was imposed, with prior custody credit from the date of your arrest on June 20, 2007, through March 27, 2008, indicating no break in custody. We note your current projected release date is September 10, 2018, and find you are not serving a longer term than the Courts imposed.

*Id.*

## II.
### LAW AND ANALYSIS

A petitioner may attack the execution of his sentence pursuant to 28 U.S.C. § 2241. *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001). Specifically, "a § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). As previously stated, Roach contends that the BOP has miscalculated his sentence in failing to award him credit for the entire time spent in federal custody in Alabama before his second sentence was imposed. The United States Attorney General, through the Bureau of Prisons (BOP), "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). The computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences under § 3585(a) and second, whether the prisoner may be awarded for time spent in custody prior to the commencement of the sentence under § 3585(b).

Section 3585 provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Further, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Applying these principles to the present case, there is no dispute that the time Roach spent in custody from June 20, 2007 to March 27, 2008 was credited toward his aggregated term of imprisonment, with proper setoffs made for the fact that his second term of imprisonment commenced after the first one. Furthermore, there is no dispute that Roach's second sentence commenced on February 15, 2012, and was ordered to run concurrently with his imprisonment pursuant to the judgment in the United States District Court for the Southern District of Florida. *Id.* at 43.

In this case, concurrent does not mean that the two sentences would have "the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). As was made clear in the responses to Roach's administrative filings, credit for the time spent in federal custody in Alabama has been applied to his aggregated sentence. Thus, Roach cannot meet his burden of showing an error in sentence calculation and so his claim pursuant to § 2241 must fail.

# III.
## CONCLUSION

For reasons stated, **IT IS RECOMMENDED** that the application for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 22nd day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE